UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
JAYSHAWN DOUGLAS,                   )
                                    )
            Plaintiff,              )
                                    )
    v.                              )   Civil Action No. 13-1758 (PLF)
                                    )
DISTRICT OF COLUMBIA,               )
                                    )
            Defendant.              )
_____)

MEMORANDUM OPINION

This matter is before the Court on the District of Columbia's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or, in the alternative, Rule 12(b)(6). Plaintiff Jayshawn Douglas claims that the District's refusal to allow Mr. Douglas access to his educational placement violated the "stay-put" provision, 20 U.S.C. § 1415(j), of the Individuals with Disabilities Education Act ("IDEA"), and 42 U.S.C. § 1983. The District moves to dismiss on the grounds that (1) this Court lacks subject matter jurisdiction because Mr. Douglas failed to exhaust his administrative remedies under the IDEA; and (2) the complaint fails to state a claim upon which relief may be granted. Because Mr. Douglas has already been granted relief as to his Section 1415(j) claim, only the Section 1983 claim remains. Upon careful consideration of the parties' arguments, the relevant legal authorities, and pertinent portions of the record in this case, the Court will grant the District's motion and dismiss this action with prejudice for lack of subject matter jurisdiction.[1]

---

[1] The papers reviewed in connection with the pending motion include the following: plaintiff's complaint ("Compl.") [Dkt. No. 1]; plaintiff's motion for a preliminary

I. BACKGROUND

The facts alleged in the complaint, which the Court treats as true for purposes of this motion, are as follows. Mr. Douglas is a student with disabilities who has been classified as "Other Health Impaired" under the IDEA. Compl. ¶ 8.[2] In May 2013, Mr. Douglas' individualized education program ("IEP") team established Dunbar Senior High School ("Dunbar"), his "neighborhood school," as his educational placement and location of services. Compl. ¶ 12-13, 14. In accordance with the IEP, Mr. Douglas attended Dunbar during the 2012-2013 school year, but failed the ninth grade. Id. ¶ 11.

In July 2013, Dunbar announced a policy to "segregate[]" repeating ninth graders, like Mr. Douglas, from first-time ninth graders and place repeating students into "twilight academies." Compl. ¶ 16. On several occasions in Fall 2013, Mr. Douglas attempted to attend Dunbar "but was refused admission by Dunbar's administration" allegedly under the direction of Dunbar's principal, Mr. Jackson. Id. ¶¶ 18-19. Over the first few months of the 2013 school year, D.C. Superior Court Probation Officer Steve Dean attempted to intervene on Mr. Douglas' behalf, accompanying him to Dunbar; but the school continued to bar Mr. Douglas from attending class, despite reassurances from the D.C. Mayor's Liaison that Mr. Douglas "was

---

injunction ("PI Mot.") [Dkt. No. 3]; plaintiff's motion for a temporary restraining order ("TRO Mot.") [Dkt. No. 2]; the Court's Memorandum Opinion of November 14, 2013 granting a "stay-put" order ("Mem. Op.") [Dkt. No. 8]; defendant's motion to dismiss ("Def.'s Mot. Dismiss") [Dkt. No. 12]; plaintiff's memorandum in opposition to defendant's motion to dismiss (Pl.'s Opp.) [Dkt. No. 13].

[2] Plaintiff, both in the body of his complaint and the prayer for relief, has numbered the relevant paragraphs starting at 1, such that plaintiff's complaint contains two paragraphs that are numbered "1," "2," etc. For clarity, the Court therefore specifies the prayer for relief paragraphs separately.

entitled to attend Dunbar and should be admitted upon arrival." Id. ¶¶ 20-21 (citing Compl. Ex. 6).

On October 28, 2013, Mr. Douglas filed an administrative due process complaint with the District of Columbia's Office of the State Superintendent for Education's Student Hearing Office. Compl. ¶¶ 22-23 (citing Compl. Ex. 7). The administrative complaint invoked Mr. Douglas' "stay-put" rights under 34 C.F.R. § 300.518(a). Id. Although a hearing officer had been assigned to his administrative complaint, Mr. Douglas filed the instant complaint in this Court on November 7, 2013. Id. ¶¶ 24-25. The complaint has brought two claims. First, Mr. Douglas alleges that the District violated IDEA's "stay-put" provision, 20 U.S.C. § 1415(j); and second, he claims that the District denied his due process right to a free and appropriate public education, constituting a violation of 42 U.S.C. § 1983. Id. ¶¶ 42-52. Mr. Douglas sought a "stay-put" order and an award of $100,000 in compensatory damages. Id. at Prayer for Relief ¶¶ 1-2.

Mr. Douglas simultaneously filed a motion for a preliminary injunction and a motion for a temporary restraining order, both also seeking the "stay-put" order sought in Count One of the complaint. See PI Mot.; TRO Mot. After hearing oral argument on November 13, 2013, the Court granted Mr. Douglas' motion for a preliminary injunction, entering a "stay-put" order for the pendency of the administrative procedure, and denied as moot his motion for a temporary restraining order. See Mem. Op. at 1.[3] Shortly thereafter, the District filed this motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, Rule 12(b)(6). See Def.'s Mot. Dismiss at 2.

---

[3] The Court notes that, because he received full relief, Mr. Douglas' Section 1415(j) claim has been fully adjudicated and satisfied. This claim is no longer before the Court and is not discussed in this Memorandum Opinion.

## II. LEGAL STANDARD

*Motion to Dismiss under Rule 12(b)(1)*

Federal courts are courts of limited jurisdiction, with the ability to hear only cases entrusted to them by a grant of power contained either in the Constitution or in an act of Congress. See, e.g., Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 945 (D.C. Cir. 2005); Tabman v. F.B.I., 718 F. Supp. 2d 98, 100 (D.D.C. 2010). On a motion to dismiss for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the Court has jurisdiction. See Tabman v. F.B.I., 718 F. Supp. 2d at 100; Brady Campaign to Prevent Gun Violence v. Ashcroft, 339 F. Supp. 2d 68, 72 (D.D.C. 2004). In determining whether to grant such a motion, the Court must construe the complaint in the plaintiff's favor and treat all well-pled allegations of fact as true. See Jerome Stevens Pharms., Inc. v. F.D.A., 402 F.3d 1249, 1253-54 (D.C. Cir. 2005). But the Court need not accept unsupported inferences or legal conclusions cast as factual allegations. See Primax Recoveries, Inc. v. Lee, 260 F. Supp. 2d 43, 47 (D.D.C. 2003). The Court may dispose of the motion on the basis of the complaint alone or it may consider materials beyond the pleadings "as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." Scolaro v. D.C. Board of Elections & Ethics, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); see also Coalition for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003).

## III. DISCUSSION

Under the IDEA, this Court "has no subject matter jurisdiction over an IDEA claim that has not first been pursued through administrative channels." Douglass v. Dist. of Columbia, 750 F. Supp. 2d 54, 60-61 (D.D.C. 2010) (citing Massey v. Dist. of Columbia,

400 F. Supp. 2d 66, 70 (D.D.C.2005)). This exhaustion requirement applies not only to claims brought directly under the IDEA itself, but to any claims for relief available under the IDEA, regardless of their statutory basis. 20 U.S.C. § 1415(l); see Douglass v. Dist. of Columbia, 605 F. Supp. 2d 156, 166 (D.D.C. 2009) (holding that a "[p]laintiff's claim under Section 1983 is also subject to the IDEA's exhaustion requirement to the extent the claim 'seek[s] relief that is also available under' the IDEA"). To excuse a failure to exhaust, the plaintiff must demonstrate the futility or inadequacy of the administrative process. Id. at 165 (citing Honig v. Doe, 484 U.S. 305, 326–27 (1988)). In this Circuit, such exceptions to the exhaustion requirement are narrowly construed and found "only in the most exceptional circumstances." Douglass v. Dist. of Columbia, 750 F. Supp. 2d at 61 (quoting Commc'ns Workers of Am. v. AT&T, 40 F.3d 426, 432 (D.C. Cir. 1994)).

Mr. Douglas' claim, although brought under 42 U.S.C. § 1983, is predicated on the District's failure to provide Mr. Douglas with an appropriate public education, as required by the IDEA. Compl. ¶ 49.[4] Although Mr. Douglas seeks $100,000 in compensatory damages, Prayer for Relief ¶ 2, which are unavailable under the IDEA, see 20 U.S.C. § 1415(f)-(k), he cannot "skirt the administrative remedies provided for in the IDEA simply by adding a claim for monetary relief." Douglass v. District of Columbia, 605 F. Supp. 2d at 167. The claim therefore is subject to IDEA's exhaustion requirement. Given the fact that this complaint was filed a mere ten days after Mr. Douglas filed his administrative complaint, and before an administrative due process hearing had been scheduled, Mr. Douglas clearly did not exhaust his administrative remedies before pursuing relief in this Court. See Compl. ¶¶ 22-29; Douglass v. Dist. of Columbia, 605 F. Supp. 2d at 166. Mr. Douglas does not dispute this fact. See Pl.'s Opp. at 3-5.

---

[4] As noted previously, only the Section 1983 claim remains before the Court because Mr. Douglas has received full relief on his Section 1415(j) claim. See supra at 3 n.3.

5

Nor does he argue that exhausting his administrative remedies would have been futile or inadequate. See id.

Mr. Douglas counters that he was not required to exhaust his administrative remedies because a "request for a Stay Put Injunction is an exception to the general rule . . . ." Id. This assertion is correct, but irrelevant. The exception to the administrative exhaustion requirement applied to Mr. Douglas' Section 1415(j) claim, on which he already has received relief. Mem. Op. at 2-3, 6. But this exception does not extend to Mr. Douglas' Section 1983 claim. See Alston v. Dist. of Columbia, 439 F. Supp. 2d 86, 91 (D.D.C. 2006) (noting that "[t]he reasoning behind [the exception] is that "[t]he administrative process is 'inadequate' to remedy violations of § 1415(j)") (quoting Murphy v. Arlington Cent. Sch. Dist. Bd. Of Educ., 297 F.3d 195, 199 (2d Cir. 2000)). The exhaustion requirement therefore applies and deprives this Court of subject matter jurisdiction. The Court will grant the District's motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because the Court finds it lacks subject matter jurisdiction over Mr. Douglas' claim, it will not reach the District's arguments that Mr. Douglas failed to state a claim upon which relief could be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant the District's motion and dismiss this action with prejudice for lack of subject matter jurisdiction. An Order consistent with this Memorandum Opinion shall issue this same day.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 28, 2014